

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

May 5, 2005

Jon W. Norris, Esq.
641 Indiana Avenue, NW, Second Floor
Washington, DC 20004

05cr199

        Re:    DeWitt Davis

Dear Mr. Norris:

      This letter sets forth the full and complete plea offer to your client, Mr. Davis. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia ("this Office," "the government," and "the United States"). This plea offer will expire on May 6, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.    **Charges**: Mr. Davis agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, 2314 (Interstate Transportation of Stolen Property). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Davis and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Davis agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Davis' actions and involvement in the offense charged in the Instruction.

      2.    **Potential penalties, assessments, and restitution**: Mr. Davis understands that the maximum sentence that can be imposed is ten years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Davis understands that the sentence to be imposed in this case will be determined in accordance with the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2002) (hereinafter "Sentencing Guidelines"). Mr. Davis understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Davis further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Davis's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

§ 2.B1.1    Transportation of Stolen Property

|  |  |
|---|---|
| (a) Base Offense Level | 6 |
| (b) Specific Offense Characteristics |  |
| (1) More than $30,000 | 6 |
| Acceptance | -2 |
| TOTAL | 10 |

The parties agree not to seek any adjustments or departures from the total offense level set forth above. In the event that this plea offer is either not accepted by Mr. Davis or is accepted by Mr. Davis, but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing guidelines provisions contained herein. Your client specifically agrees: (a) that any arguments that he has a right to have a jury make the factual findings necessary to determine the level of sentencing adjustments, enhancements or departures used to compute her ultimate offense level and sentence are waived; (b) that such factual findings will be made by the Court; (c) that the Court may consider any reliable evidence, including hearsay; and (d) that all constitutional challenges to the validity of the Sentencing Guidelines are waived.

4. **Financial Arrangements:** Mr. Davis agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013, and to pay restitution of $45,273.00. Mr. Davis also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Employment Arrangements:** As part of his plea, Mr. Davis agrees to resign or retire voluntarily from the University of the District of Columbia.

6. **Waiver of Rights:** Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Davis expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Davis voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Mr. Davis understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

7. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing all of its evidence with respect to the Mr. Davis's criminal activities and any proceeding(s) before the Bureau of Prisons. In addition, Mr. Davis acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

9. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Davis's release pending sentencing, and agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Mr. Davis continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Davis in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the scheme set forth in the Information. This agreement not to prosecute Mr. Davis does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Davis.

11. **Court is not bound:** Mr. Davis understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

12. **Breach of Agreement:** Mr. Davis agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Davis's release (for example,

should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Davis will not have the right to move to withdraw the guilty plea; (c) Mr. Davis shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Davis, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

13. **USAO's Criminal Division Bound:** Mr. Davis understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Davis.

14. **Waiver of Appeal:** Mr. Davis is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, Mr. Davis waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences Mr. Davis to a period of imprisonment longer than the statutory maximum of 10 years or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2. Further, defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him. In agreeing to this waiver, Mr. Davis is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, Mr. Davis knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the government in this agreement. See In re Sealed Case, 283 F.3d 349, 355 (D.C. Cir.), cert. denied (Jun. 27, 2002).

15. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Davis, Mr. Davis's counsel and an Assistant United States Attorney for the District of Columbia.

4

If the foregoing terms and conditions are satisfactory, Mr. Davis may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Davis and his counsel.

Sincerely yours,

*[signature]*
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: *[signature]*
JULIEANNE HIMELSTEIN
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, ~~Bernard Bettis~~ Jon Norris, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5-11-05                                *[signature]*
                                             DeWitt Davis
                                             Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 5/11/05                                *[signature]*
                                             ~~Bernard Bettis~~ Jon Norris, Esquire
                                             Attorney for the Defendant

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL CASE NO. |
| DEWITT DAVIS JR., | : |
| Defendant. | : |

### STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, defendant DEWITT DAVIS, JR. and the United States agree and stipulate as follows:

The defendant is charged by Information with a violation of Title 18, United States Code, Sections 2314 (interstate transportation of stolen property).

At all times relevant to this offense, DEWITT DAVIS, JR. was a employed as a professor at the University of the District of Columbia (UDC) located in Washington, D.C.

Between in or about 1997 and March 2002, DEWITT DAVIS, JR. received more than $45, 273.28 from the United States Geological Survey (USGS). The USGS designated funds for UDC, to be used for research grants to research a water resource project. On or about March 31, 1997, defendant DEWITT DAVIS, JR. filled out a direct deposit form and mailed it to USGS in Reston, Virginia. The direct deposit form requested that the research grant funds be deposited into defendant's bank account. Accordingly, approximately $45, 278 was electronically deposited into DAVIS' personal account:

       10/2/97       $20,000

       2/25/98      $393.59

| | |
|---|---|
| 4/21/98 | $440.00 |
| 8/31/00 | $9984.44 |
| 4/4/01 | $2004.45 |
| 3/8/02 | $12,450.80 |

These funds were deposited into the personal account of DEWITT DAVIS, JR.

Between on or about May, 1998 and March, 2002, DEWITT DAVIS, JR. purchased seven certificate of deposits totaling approximately $45,000.

DEWITT DAVIS, JR. had no involvement with the USGS research project at the University of the District of Columbia, and he was not authorized by either USGS or UDC to receive those funds.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

JULIEANNE HIMELSTEIN
Assistant United States Attorney
D.C. Bar #
United States Attorney's Office
555 4th Street, N.W.
Washington, DC 20530
(202) 514-8203

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorneys, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 5-11-05

_____
DEWITT DAVIS, JR.
Defendant

I have discussed this Statement of Offense with my client, Dewitt Davis, Jr. I concur with his decision to stipulate to this Statement of Offense.

Date: 5/11/05

_____
JON W. NORRIS, Esquire
Attorney for Defendant Dewitt Davis, Jr.

TOTAL P.11